# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1V

| | |
|---|---|
| BRIAN SHEEHAN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 18, 2025 |

*Daniel Alholm*, Alholm Law PC, Chicago, IL, for Petitioner.

*Dima Jawad Atiya*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 2, 2024, Brian Sheehan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccine administered on October 27, 2022. Petition, ECF No. 1. On March 20, 2025, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 28.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,457.68 (representing $24,380.00 in fees plus $1,077.68 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 22, 2025, ECF No. 33. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 32.

Respondent reacted to the motion on April 3, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 34. Petitioner indicated thereafter that he does not intent to file a substantive reply to Respondent's response. ECF No. 35.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for attorneys and paralegals that performed work in this matter are reasonable and consistent with prior determinations and will therefore be adopted herein.

However, the records reveal several entries billed on tasks considered administrative in nature[3]. But billing for administrative tasks is not appropriate in the Vaccine Program. See *Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Silver* v. *Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, time incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $335.00.**[4]

In addition, some tasks performed by attorney Alholm in this matter are more properly billed using a paralegal rate[5]. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health &*

---

[3] See billing entries dated: 5/9/24; 7/10/24; 7/18/24; 7/31/24; 8/20/24; 8/29/24; 1/31/25. ECF No. 33-2.

[4] This amount is calculated as follows: ($475.00 x 0.60 hrs.) + ($500 x 0.10hrs.) = $335.00.

[5] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statements of completion, cover sheet, joint notices not to seek review, drafting requests for medical records, following up on medical records requests, and bate stamping documents. See billing entries dated: 12/28/23 (two entries); 1/30/24 (two entries); 8/15/24; 3/20/25; 3/21/25 (two entries). ECF No. 33-2.

*Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at non-attorney rates. **Application of the foregoing reduces the amount of fees to be awarded by $641.00.**[6]

I have also reviewed the requested costs. Petitioner has provided supporting documentation for most of the claimed costs, with the exception of $105.87 in claimed costs that have not been properly substantiated with required supporting documentation, such as an invoice or proof of payment. See ECF No. 33-3. Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[7] When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). **Accordingly, I deny reimbursement of all unsubstantiated costs, reducing the costs to be awarded by $105.87.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $24,375.81 (representing $23,404.00 in fees plus $971.81 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[8]

---

[6] This amount is calculated as follows: ($450.00 - $165.00 = $285.00 x 0.20 hrs.) + ($475.00 - $170.00 = $305.00 x 1.60 hrs.) + ($500 - $180.00 = $320.00 x 0.30 hrs.) = $641.00.

[7] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
